UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARCHIE MOSES and VIOLET M. MOSES, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No.  1:11-cv-00822(ESH) |
| v. | |
| SUNTRUST MORTGAGE, INC., 901 Semmes Avenue Richmond, VA 23224 | Honorable Ellen Segal Huvelle |
| Defendant. | |

**MOTION TO REMAND AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Plaintiffs Archie and Violet M. Moses ("Plaintiffs"), by counsel, and pursuant to 28 U.S.C. § 1447(c), move this Court for an order remanding this case to the Superior Court of the District of Columbia.  Remand is proper because this Court does not have subject matter jurisdiction as the only claims asserted in the Complaint arise under the District of Columbia Consumer Protection Procedures Act ("DCCPPA"), D.C. Code § 28-3901, et seq.  In support of this Motion for Remand, Plaintiffs state as follows:

**I.     Relevant Facts & Procedural History**

In November of 2010, Plaintiffs filed a class action case in this Court against Defendant SunTrust Mortgage, Inc. and numerous other defendants including various

providers of private mortgage insurance ("PMI")[1] raising various claims under federal and state law related to the PMI on their home loan. *Moses v. SunTrust Bank, et al.*, Civ. No. 1:10-cv-02029(PLF)(D.D.C.). Plaintiffs engaged in substantial negotiations with the PMI providers and ultimately voluntarily dismissed the PMI providers, other defendants and several claims. Then, concluding that there was no longer a basis for federal jurisdiction, on March 30, 2011, Plaintiffs dismissed their federal case and on the same day refiled the case in the Superior Court of the District of Columbia only against SunTrust Mortgage, Inc. ("SunTrust"). *See* Notice of Removal, Docket Number ("Dkt. No.") 1, Ex.1 (Complaint -- *Moses v. SunTrust Mortgage, Inc.,* Civ. No. 0002439-11 (as filed in the Superior Court of the District of Columbia)).

The Complaint asserts one count for violations of the DCCPPA, D.C. Code § 28-3904, et seq., for unfair and deceptive practices by SunTrust in connection with the requirement of PMI on residential mortgage loans. The challenged practice is what is commonly referred to as a "bait and switch" scheme. Plaintiffs alleged that SunTrust initially (the bait) either failed to inform the prospective borrower that PMI was required on the loan or told them that PMI was required at a certain low price per month, and then (the switch) shortly before closing (often the same day as closing) informed the borrower that PMI was, in fact, required or that the cost of the required PMI would be substantially higher than that initially quoted. Borrowers were deceived by this practice because they believed the cost of their loans and thus their monthly notes would be at one price, only

---

[1] PMI is insurance for the lender purchased by the borrower, typically required on loans where the borrower's down payment is less than 20% of the purchase price of the home. See Complaint, ¶¶ 9-12 (describing PMI).

to learn at the last minute that the price would be significantly higher. Given the last minute change, borrowers were put in the unfair position of either having to cancel their closing, lose their earnest money and possibly incur other charges, and possibly lose the home they planned to purchase – or accepting the deal SunTrust offered. There was no time to comparison shop the loan on this late disclosed feature. Plaintiffs alleged that SunTrust's bait and switch scheme on PMI was an unfair and deceptive trade practice under the DCCPPA §§ 28-3904 (e), (f), (h), (j), (dd), and (hh). Complaint ¶¶ 41, 43, 45, 46.

DCCPPA § 28-3904 provides initially that "***It shall be a violation of this chapter***, whether or not any consumer is in fact misled, deceived or damaged thereby, for any person to . . . (dd) violate any provision of title 16 of the District of Columbia Municipal Regulations." District of Columbia Municipal Regulations, Title 16 § 101.2 provides:

> Failure of any person covered by this chapter to comply with the sections of the "Truth in Lending Act" incorporated by reference in this section, as implemented by regulations issued by the Board of Governors of the Federal Reserve System, ***shall constitute a violation of this chapter.***

Id. (Emphasis added). Title 16 § 101.1, incorporates by reference in Chapter 16, certain sections of the Truth in Lending Act ("TILA"), including Section 106 – Determination of Finance Charge (codified at 15 U.S.C. 1605 including in the finance charge the "charge for any guarantee or insurance protecting the creditor against the obligor's default or other credit loss"); and Section 122, Form of Disclosure (codified at 15 U.S.C. § 1632 requiring an accurate calculation of the annual percentage rate at least three days in

advance of settlement). Thus, a violation of subsection (dd)'s incorporation of the provisions of TILA constitutes a violation of the DCCPPA.

Plaintiffs' Complaint asserts claims under DCCPPA's "incorporated by reference" provisions of TILA. Plaintiffs attempted to make that clear in their Complaint and provide specific allegations as to how the incorporated TILA provisions were violated. The only Count in the Complaint – Count I – has the heading:

<u>VIOLATION OF DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT ("CPPA"), D.C. CODE §§ 28-3901 et seq.</u>

Within Count I and after the allegation in ¶ 45 specifically alleging a violation of § 28-3904(dd) and the D.C. Municipal Regulations, Title 16 § 101, Plaintiffs included a bolded subheading:

<u>UNDERLYING VIOLATION OF THE TRUTH IN LENDING ACT ("TILA"), 15 U.S.C. §§ 1601 et seq.</u>

Under this subheading, Plaintiff made specific allegations as to how SunTrust's actions violated D.C. Municipal Regulations, Title 16 § 101 — which is literally the incorporation of TILA.

On May 3, 2011, SunTrust removed this action to federal court based contending that "this court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' Truth in Lending Act (the "TILA") claim (Count I) arises under the United States Code and the federal regulations issued thereunder." Dkt. #1, ¶8.

**II.     Argument**

There are no federal claims presented in this case. To the extent that any federal issues arise in the context of Plaintiffs' DCCPPA claims because the DCCPPA incorporates sections of TILA, they are not substantial federal issues that warrant an exercise of federal question jurisdiction by this Court. Therefore, this case should be remanded to the Superior Court of the District of Columbia.

   A.     <u>Governing Legal Standard</u>

Removal is appropriate only when a case might have originally been brought in federal court. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction pursuant 28 U.S.C. § 1331 in civil cases "arising under the Constitution, laws, or treaties of the United States." The removing party bears the burden of showing that federal subject-matter jurisdiction exists, *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 101 (D.D.C. 2008); *Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150, 152 (D.D.C. 2007), and removal jurisdiction is strictly construed. *Nkengfack v. Homecomings Financial, LLC,* Civ. No. RDB 09-1928, 2009 U.S. Dist. LEXIS 104077 at *5 (D. Md. Nov. 6, 2009)(citing *Mulcahy v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

On a motion to remand, a court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." Id. at *6 (citing *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997); *Mulcahy*, 29 F.3d at 151); *see also, e.g. Johnson-Brown v. 2200 M Street LLC*, No. 02-01756, 2003 U.S. Dist. LEXIS 5947 at *5 (D.D.C. 2003). Given the substantial federalism concerns

raised by a federal court's exercise of jurisdiction over a removed case, *Your Girl Friday, LLC v. MGF Holdings, Inc.*, No. 06-0385, 2006 U.S. Dist. LEXIS 20665, *7 (D.D.C. April 18, 2006), any ambiguities regarding the existence of removal jurisdiction must be resolved in favor of remand. *Breakman*, 545 F. Supp. 2d at 101; *Wexler*, 496 F. Supp. 2d at 152.

"Whether a suit arises under federal law for purposes of § 1441(b)[2] and § 1331 is determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists only where a federal question is presented on the face of the plaintiffs properly pleaded complaint." *Washington Consulting Group, Inc. v. Raytheon Technical Services Company, LLC*, Civ. No. 10-0265 2011 U.S. Dist. LEXIS 5518 (D.D.C. 2011)(internal quotations omitted, citing *Catepillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 97 L. Ed. 2d 318 (1987)). In order for the Court to exercise federal question jurisdiction,

> defendants must point to a substantial federal issue, necessarily raised by Plaintiffs' Complaint, ***which "involves the interpretation of a federal statute that actually is in dispute in the litigation and is so important that it 'sensibly belongs in federal court*.'**

Id. at *19-20(emphasis added, quoting *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005)).

---

[2] 28 U.S.C. § 1441(b) provides in relevant part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

B.  Plaintiffs' Complaint Does Not
    <u>Raise a Substantial Federal Question</u>

Plaintiffs' DCCPPA claims do not raise a substantial federal question, nor are they preempted by TILA.  In specifically considering whether TILA conflicted with or preempted claims under the DCCPPA, the United States Court of Appeals for the District of Columbia Circuit held in *Williams v. First Gov't Mortg. & Investors Corp.*, 176 F.3d 497, 500 (D.C. Cir. 1999), that it did neither.  The *Williams* opinion specifically emphasized that the DCCPPA provides "substantive protections for borrowers against unconscionable loan terms and provisions."  Id.  The Court held:

> Nothing in TILA or its legislative history suggests that Congress intended the Act's disclosure regime to provide the maximum protection to which borrowers are entitled nationwide; states remain free to impose greater protections for borrowers.

Id.

Moreover, TILA was not intended to fully preempt the field of credit transaction disclosures.  The statute itself explicitly states that it

> [does] not annul, alter, or affect the laws of any State relating to the disclosure of information in connection with credit transactions, except to the extent that those laws are inconsistent with the provisions of this title, and then only to the extent of the inconsistency.

15 U.S.C. § 1610(a)(1).  Thus, the District of Columbia was free to incorporate the TILA requirements in the DCCPPA and provide more generous protections for claimants, including a three-year statute of limitations rather than the one-year federal TILA limitations period.

Other federal courts have found that TILA neither conflicts with nor preempts state laws that bar deceptive or fraudulent business practices. The court so held in *Nkengfack, supra* at *9-13, and remanded that case to the Maryland State courts – finding no substantial federal question where the plaintiff's claim under the Maryland Consumer Protection Act was based on an alleged violation of TILA. *See also Quezada v. Loan Center of Cal., Inc.*, No. WBS 2008-cv-177, 2008 U.S. Dist. LEXIS 96479 at *10-12 (E.D. Cal. Nov. 24, 2008) (holding that TILA did not preempt the plaintiff's claims that a mortgage lender violated California's Unfair Competition Law by failing to disclose clearly its adjustable rate payment option mortgage loan terms); *Travelers Indemnity Co. v. Jim Coleman Automotive of Columbia, LLC*, 236 F. Supp.2d 513, 517 (D. Md. 2002) ("TILA has been held not to have pre-emptive effect on local laws imposing more burdensome restrictions on lenders (as Maryland's does), so long as they are not inconsistent.").

Like the defendant in *Williams*, SunTrust has identified no way in which the DCCPPA would defeat TILA's purposes, nor has it suggested how joint applicability of the two statutes would subject it to conflicting obligations. *Williams*, 176 F.3d at 500. Most significantly, SunTrust has not identified any substantial federal question that is actually in dispute and so important that it must be heard in federal Court. *See Washington Consulting Group, Inc.,* 2011 U.S. Dist. LEXIS 5518 at *34. Thus, this case should be remanded to the Superior Court of the District of Columbia.

**III.    Conclusion**

For the reasons stated herein, Plaintiffs respectfully request that the Motion for Remand be granted.

Dated: June 3, 2011

                            Respectfully submitted,

                            MEHRI & SKALET, PLLC

                            /s/ Janell M. Byrd
                            Steven A. Skalet, Esq. (D.C. Bar # 359804)
                            Janell M. Byrd, Esq. (D.C. Bar # 376609)
                            Danielle E. Davis (D.C. Bar # 990545)
                            1250 Connecticut Avenue, NW
                            Suite 300
                            Washington, DC 20036
                            Tel: (202) 822-5100
                            Fax: (202) 822-4997
                            sskalet@findjustice.com
                            jbyrd@findjustice.com
                            jcarter@findjustice.com

                            *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on June 3, 2011, a true and correct copy of Plaintiffs' Motion for Remand and Memorandum of Points and Authorities in Support Thereof and proposed Order were served electronically through the Court's Electronic Case Filing system on counsel for defendants listed below:

Thomas J. McKee, Jr.
Williams Mullen, P.C.
tmckee@williamsmullen.com
8300 Greensboro Drive, Suite 1100
McLean, Virginia 22102
703-760-5200
703-748-0244 (fax)

Robert D. Perrow.
bperrow@williamsmullen.com
200 South 10th Street
Richmond, Virginia 23219
P.O. Box 1320
Richmond, VA  23218-1320
804-420-6446
804-420-6507 (fax)

*Counsel for Defendant*

                                         /s/ Janell M. Byrd
                                         Janell M. Byrd