UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARCHIE MOSES and VIOLET M. MOSES, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>SUNTRUST MORTGAGE, INC.,<br><br>    Defendant. | Case No.  1:11-cv-00822(PLF)<br><br>Honorable Paul L. Friedman |

**PLAINTIFFS' REPLY MEMORANDUM
IN SUPPORT OF THE MOTION TO REMAND**

In its opposition to Plaintiffs' Motion to Remand, Defendant SunTrust Mortgage, Inc., ("SunTrust"), emphasizes that it "does not seek removal on the basis of preemption." Docket Number ("Dkt. No.") 12 at 4 ("SunTrust Does Not Seek Removal on the Basis of Preemption."). Indeed, in its Reply to Plaintiffs' Opposition to the Motion to Dismiss, SunTrust states that it "does not argue that any preemption doctrine requires dismissal of Plaintiffs' DCCPPA claims that are based on alleged TILA violations." Dkt. No. 11 at 5. Despite conceding that Plaintiffs' claims under District of Columbia law are not preempted by the federal Truth in Lending Act ("TILA"), SunTrust nonetheless argues that Plaintiffs' claims under District of Columbia law support removal because "the Complaint presents a federal question." Id. SunTrust never states what

exactly that federal question is,[1] nor does it argue anywhere in its brief that this "manifest" federal question so substantially implicates federal law as to provide federal jurisdiction.  Because SunTrust, which has the burden of proof on removal, fails to identify a substantial federal issue that

> *"involves the interpretation of a federal statute that actually is in dispute in the litigation and is so important that it 'sensibly belongs in federal court*,"

*Washington Consulting Group, Inc. v. Raytheon Technical Services Company, LLC*, Civ. Action No. 10-0265, 2011 U.S. Dist. LEXIS 5518, at *19-20(emphasis added, quoting *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005)), it has failed to carry its burden.

The Supreme Court cautioned in *Empire Healthchoice Assurance, Inc. McVeigh*, 547 U.S. 677, 701 (2006), that "it takes more than a federal element to open the 'arising under' door." That is all that Defendant has shown.  SunTrust argues, for example, that the Complaint contains a substantial number of TILA-based allegations and it quotes those allegations at length.  Dkt. No. 12 at 3.  Of course, it is not surprising that the Complaint makes TILA-based allegations because the DCCPPA literally incorporates specific sections of TILA.  Plaintiffs simply made specific allegations under those provisions.

Defendant notes that Plaintiffs seek to enjoin SunTrust from using its misleading and deceptive "TILA" disclosure form.  Dkt. 12 at 1, 5.  Nothing about that request for

---

[1] "The Complaint manifestly raises TILA claims against SunTrust." Dkt. No. 12 at 1.

relief coverts this into a case with a substantial federal question. It will be up to the court to determine if SunTrust's disclosure form is covered by the safe harbor TILA regulations and otherwise satisfies the disclosure requirements. Both federal and District of Columbia courts would be bound by those same requirements and safe harbor provisions, thus there is no conflict or disputed interpretation of federal law at issue in this respect.

SunTrust attempts to distinguish *Nkengfack v. Homecomings Financial, LLC*, Civ. No. RDB 09-1928, 2009 U.S. Dist. LEXIS 104077 (D. Md. Nov. 7, 2009), which Plaintiffs cited in support of remand, on the grounds that the Maryland Consumer Protection Act does not incorporate TILA and that

> [t]he district court opinion in *Nkengfack* is silent on whether Nkengfack, like Plaintiffs in this case, alleged TILA violations, sought class certification based on a common TILA question,[2] or requested that Homecomings change its TILA disclosure forms.

Dkt. No 12, at 5. Defendant, however, misses the mark on this argument because the District Court opinion in *Nkengfack* expressly states:

---

[2] Nkengfack did seek class certification based on a common TILA question. See Complaint in *Nkengfack v. Homecomings Financial, LLC.*, Case No. 1:09-cv-01928-RDB, Dkt. No. 2, at 11 (available on PACER):

> This action is suitable for class treatment because these common questions of fact and law predominate over any individual issues. Such common questions include, but are not limited to, the following:
>
> > a. Whether Defendant had a duty to disclose to the Plaintiff and the Class important material information concerning their loans, including but not limited to: (1) the fact that the initial minimum payment listed in Note and the TILDS was insufficient to pay both principal and interest; (ii) the fact that the payment schedule set forth in the TILDS was not based on the listed interest rate; and (iii) the fact that negative amortization would occur if Plaintiff made payments according to the schedule of payment Defendant set forth in the TILDS.

> The parties do not dispute that Nkengfack's claim under the Maryland Consumer Protection Act is based on Homecomings' alleged violation of the federal Truth in Lending Act. However, this is <u>not</u> substantial enough a federal issue to merit federal jurisdiction.

*Nkengfack*, supra at 8 (emphasis added).[3]

> That a court must determine the extent to which an alleged TILA violation also violates Maryland law is not significant enough to merit federal jurisdiction.

*Id*. at *9. The *Nkengfack* court further found that hearing the case

> would upset the balance between federal and state judicial responsibilities. Nkengfack's claims are not rare. Similar lawsuits have been brought across the country in recent years. . . . A Maryland court ought to determine the viability of claims arising under Maryland law.

*Id.* at *12-13 (citations omitted).

## Conclusion

**For these reasons,** Plaintiffs respectfully urge the Court to grant their motion to remand this case to the Superior Court of the District of Columbia.

Respectfully submitted,

MEHRI & SKALET, PLLC

   /s/ Janell M. Byrd
Steven A. Skalet, Esq. (D.C. Bar # 359804)
Janell M. Byrd, Esq. (D.C. Bar # 376609)
Danielle E. Davis (D.C. Bar # 990545)
1250 Connecticut Avenue, NW
Suite 300
Washington, DC 20036
Tel: (202) 822-5100
Fax: (202) 822-4997

---

[3] The Opinion also states, "Nkengfack argues that removal was improper because "there remain issues to be addressed in state court, for example, ***whether Defendant's TILA violation constitutes a violation of Maryland's Consumer Protection Act***." *Nkengfack*, supra, at * 6-7 (emphasis added).

>sskalet@findjustice.com
>jbyrd@findjustice.com
>ddavis@findjustice.com
>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on June 30, 2011, a true and correct copy of Plaintiffs Reply Memorandum in Support of the Motion to Remand was served electronically through the Court's Electronic Case Filing system on counsel for defendants listed below:


Thomas J. McKee, Jr.
Williams Mullen, P.C.
tmckee@williamsmullen.com
8300 Greensboro Drive, Suite 1100
McLean, Virginia 22102
703-760-5200
703-748-0244 (fax)

Robert D. Perrow
Williams Mullen, P.C.
bperrow@williamsmullen.com
200 South 10th Street
Richmond, Virginia 23219
P.O. Box 1320
Richmond, VA  23218-1320
804-420-6446
804-420-6507 (fax)

*Counsel for Defendant*

>/s/ Janell M. Byrd
>Janell M. Byrd