UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARCHIE MOSES, *et al.*<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SUNTRUST MORTGAGE, INC.,<br><br>　　　　　Defendant. | Civil Action No. 11-cv-00822 (BJR)<br><br>MEMORANDUM OPINION AND ORDER ON MOTION TO REMAND AND MOTION TO DISMISS |

　　　　Before the court at this time are two motions: *SunTrust Mortgage, Inc.'s Motion to Dismiss Class Action Complaint* [dkt. #3] and plaintiffs' *Motion to Remand* [dkt. #6] (hereinafter "*Mot. to Remand*"). This matter was reassigned to this court from Judge Friedman on September 1, 2011. Having read the parties' pleadings, and for the reasons stated herein, plaintiffs' motion will be granted, and defendant's motion will be denied without prejudice.

**I.　　BACKGROUND**

　　　　Plaintiffs Archie and Violet Moses commenced this action, on behalf of a class of all others similarly situated, in District of Columbia Superior Court on March 30, 2011. *Class Action Complaint* [dkt. #1-1] (hereinafter "*Complaint*"). Previously, plaintiffs filed a complaint in the United States District Court for the District of Columbia against defendant SunTrust Mortgage, Inc. and numerous other defendants, alleging various claims under federal and state law. *Mot. to Remand* at 1-2. Following the voluntary dismissal of other defendants and claims, plaintiffs determined that there was no longer any basis for federal jurisdiction, and filed a notice of voluntary dismissal as to that case on March 30, 2011, the same day they filed the present complaint in Superior Court. *Moses v. SunTrust Banks, Inc.*, Case No. 10-CV-2029 at dkt. #36.

Plaintiffs allege that SunTrust Mortgage, Inc. (hereinafter "SunTrust") "engaged in a pattern of unfair and deceptive practices with respect to full and timely disclosure of its requirement for private mortgage insurance ("PMI") on home loans." *Complaint* at 1. Under the heading "Count I," plaintiffs' complaint sets forth a claim for "Violation of District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code §§ 28-3901 *et seq.*" *Id.* at 9. The next section of the complaint, without any further "Count" language, appears under the heading "Underlying Violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*"

Defendant filed a notice of removal in this court on May 3, 2011, asserting federal question jurisdiction. *Notice of Removal* [dkt. #1]. In their Motion to Remand, plaintiffs challenge SunTrust's basis for removal and request that the court remand the case to the District of Columbia Superior Court.

## II.     MOTION TO REMAND

### A.     Standard of Review

A federal court's original jurisdiction is premised on two statutory grounds: (1) federal question jurisdiction, pursuant to 28 U.S.C. § 1331; and (2) diversity jurisdiction, pursuant to 28 U.S.C. § 1332. SunTrust premised its removal from state court on federal question jurisdiction. Except as otherwise provided by law, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Removal is appropriate only when the case might have originally been brought in federal court." *Wexler v. United Air Lines*, 496 F. Supp. 2d 150, 152 (D.D.C. 2007). When a federal court lacks subject matter jurisdiction

over a dispute removed from state court, the court must remand the action to state court. 28 U.S.C. § 1447(c).

The removing party has the burden of showing that federal subject matter jurisdiction exists. *Wexler*, 496 F. Supp. 2d at 152.  In light of the significant federalism concerns involved, this court "strictly construes the scope of its removal jurisdiction." *Breakman v. AOL, LLC*, 545 F. Supp. 2d 96, 100 (D.D.C. 2008).  Therefore, "if federal jurisdiction is doubtful, a remand to state court is necessary." *Id*. at 101 (citations omitted).

Regardless of whether removal is initially proper, a district court should dismiss an action for lack of subject matter jurisdiction when the facts and allegations before the court belie any averment that federal jurisdiction exists. *Cf. Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004).

B.      **Legitimacy of Removal**

Under the "well-pleaded complaint" rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, –, 129 S. Ct. 1262, 1272 (2009) (citation omitted).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Furthermore, the Supreme Court has emphasized that "it takes more than a federal element to open the 'arising under' door." *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) (internal citations omitted).

As noted above, plaintiffs' only "count" against defendants is alleged under the D.C. Consumer Protection Procedures Act; a separate section, referencing TILA, indicates that it is an

"underlying violation." *Complaint* at 9-10. Plaintiffs explain that their aim was to clarify what claims they were making under section 28-3904(dd) of the CPPA. *Mot. to Remand* at 4.[1] Plaintiffs state that this court does not have subject matter jurisdiction, because the only claims actually asserted in the complaint arise under District of Columbia law.

SunTrust argues that the complaint "manifestly raises TILA claims against SunTrust." *SunTrust Mortgage, Inc.'s Memorandum in Opposition to Plaintiffs' Motion to Remand* [dkt. #12] ("*Opp.*") at 1. SunTrust argues that the well-pleaded complaint rule "focuses on whether a federal question exists on the face of the complaint, not on the labels or headings contained in the complaint."[2] *Id.* at 2.

Upon reading plaintiffs' complaint in conjunction with their brief, it is clear to the court that plaintiffs only intended to include TILA violations to the extent that TILA is incorporated into the D.C. CPPA. In fact, plaintiffs allege that "Defendant SunTrust violated § 28-3904(dd) and thereby violated D.C. Mun. Regs. Tit. 16 § 101 by failing to fully and adequately disclose that Plaintiffs were required to purchase PMI and the terms of the PMI pursuant to the Truth in Lending Act (TILA), 15 U.S.C. § 1600 et seq." *Id.* ¶ 45.

The fact that plaintiffs' claim under the D.C. CPPA and D.C. Municipal Regulations is based, in part, on SunTrust's alleged TILA violations does not create an independent federal question so as to merit federal jurisdiction. *See Nkengfack v. Homecomings Fin., LLC*, Case No. 09-CV-1928, 2009 U.S. Dist. LEXIS 104077, at *9 (D. Md. Nov. 6, 2009) ("That a court must

---

[1] Specifically, section 28-3904(dd) states that it shall be a violation of the CPPA to violate any provision of title 16 of the District of Columbia Municipal Regulations (D.C. Code § 28-3904(dd)); title 16 incorporates by reference twelve sections of the federal TILA. D.C. Mun. Reg. tit. 16, § 101.

[2] SunTrust does not claim that the D.C. statute is in any way preempted by the federal statute.

determine the extent to which an alleged TILA violation also violates Maryland law is not significant enough to merit federal jurisdiction."). Furthermore, state statutes incorporating federal law in this way are not rare, and "[g]ranting federal jurisdiction in this case . . . would upset the balance between federal and state judicial responsibilities." *Id.*, at \*12.

### III.  CONCLUSION

For the reasons stated, it is, hereby,

**ORDERED** that plaintiffs' *Motion to Remand* is **GRANTED**.  It is further, hereby,

**ORDERED** that *SunTrust Mortgage, Inc.'s Motion to Dismiss Class Action Complaint* is **DENIED** without prejudice.

**SO ORDERED.**

January 13, 2012

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE